**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **NAUTILUS INSURANCE COMPANY ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**INFINITY CONSTRUCTION SYSTEMS, LLC, SANDRO RIVERA-CRUZ, AND ANNAIS VIERA, ADMINISTRATRIX OF THE ESTATE OF NICK ROGER MARTINEZ,**<br><br>**Defendants.** | **CIVIL ACTION NO.:**<br>**20-** |

**COMPLAINT FOR DECLARATORY RELIEF**

**I. PRELIMINARY STATEMENT**

1. This Complaint for Declaratory Relief seeks a determination of the rights and responsibilities of the parties pursuant to a policy of insurance issued by the Plaintiff to Infinity Construction as regards a pending personal injury law suit that Annais Viera, as Administratrix of the Estate of Nick Roger Martinez, has brought against Infinity Construction Systems, LLC, Sandro Rivera-Cruz and others for the wrongful death of Mr. Martinez on July 5, 2018 while doing scaffolding work at a construction site in Darien, Connecticut.  For the reasons detailed below, said claims are subject to exclusions in the insurance policy that the Plaintiff issued to Infinity Construction Systems for Injury to Employees, Contractors, Volunteers and Other Works (Form L205) and for injuries arising out of work performed by Contractors and Subcontractors (Form L282) so that a judgment should enter in its favor declaring that it has no duty to defend or otherwise insure the Estate's claims against Sandro Rivera-Cruz or Infinity Construction Systems.

## II.  THE PARTIES

2. Nautilus Insurance Company is an insurance company incorporated in the State of Arizona that maintains a principal place of business at 7233 East Butherus Drive in Scottsdale, Arizona.

3. Annais Viera, who is the Administratrix of the Estate of Nick Roger Martinez, resides at 191 Jaffrey Street in West Haven, Connecticut.

4. Infinity Construction Systems, LLC is a stucco building contractor located at 77 Webster Street in Meriden, Connecticut.

5. Sandro Rivera-Cruz, who resides at 32 Maple Street in Meriden, Connecticut, is the President of Infinity Construction System, LLC.

## III. JURISDICTION AND VENUE

6. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

7. Venue is proper in this judicial district and division because defendants are both located here and because the insurance policies that are at issue in this case were all issued in Connecticut.

## IV.  STATEMENT OF THE CLAIM

**Statement of the Facts**

8. On July 5, 2018, Nick Roger Martinez was fatally injured when he fell from scaffolding on which he was working at 131 Hollow Tree Ridge Road in Darien, Connecticut.

9. On or about February, 2018, Affordable Self-Storage, Inc. hired Kesco, LLC to install stucco on its building at 131 Hollow Tree Ridge Road.

10. Kesco entered into an agreement with Infinity Construction Systems, LLC to supply labor for the job.

11., Among the individuals that Infinity Construction Systems, LLC supplied for the job was Nick Roger Martin.

12. Nick Rogers Martin was paid as an independent contractor and received a 1099 tax form from Infinity Construction Systems.

13. On or about March 6, 2019, Annais Viera, Administratrix of the Estate of Nick Roger Martinez, sued Kesco, LLC, Infinity Construction Systems, LLC, Affordable Self Storage, Inc., Ronnie Demeo Construction, Inc. and Sandro Rivera-Cruz in the New Haven Superior Court seeking damages for the wrongful death of Nick Roger Martinez. [1]

14. In the Third Count of her complaint, Viera alleges as to Infinity Constructions, LLC that the death of Martinez was proximately caused by the carelessness and negligence of Infinity and its agents or employees in that:

   a. They failed to ensure that the scaffolding was safely erected;

   b. They failed to properly inspect the scaffolding to ensure it included guiderails to protect workers from falls;

   c. They failed to take reasonable measures to ensure that the scaffolding included guardrails or barriers on open ends and sides to protect workers from full hazards; failed to take reasonable measures to ensure all workers on the premises were using personal fall arrest systems;

   d. They permitted unsafe scaffolding to be used by workers at the property;

---

[1] A true and accurate copy of the Viera Complaint is attached hereto as Exhibit A.

1545391v.1

    e.    They failed to communicate the need for fall arrest systems and safety guardrails to supervisors and workers at the property it controlled;

    f.    They failed to take reasonable measures to ensure that the work site and work conditions including the scaffolding and stucco application complied with industry safety standards and/or state and/or federal safety regulations when it knew or should have known that the workers were not using personal fall arrest systems and the scaffolding did not contain the required guardrails; and

    g.    They failed to take reasonable measures to ensure the scaffold erection, construction and stucco application on the property and premises were being conducted safely.

15.    Identical allegations of liability are set forth as to Sandro Rivera-Cruz in the Fifth Count of the Viera complaint.

**The Nautilus Insurance Policy**

16.    At the time of the events in question, Infinity Construction Services, LLC was insured by Nautilus under a commercial general liability policy (Policy No. NN841347).[2]

17.    Pursuant to the Insuring Agreement for this policy, Nautilus agreed to pay for the defense of suits seeking damages on account of accidental bodily injury or property damage as follows:

**COVERAGE A:  Bodily Injury and Property Damage**

**Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our

---

[2] A true and accurate copy of Policy No. NN841347 is attached hereto as Exhibit B.

4

1545391v.1

discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

**b.**  This insurance applies to "bodily injury" and "property damage" only if:

**(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

(2)  The "bodily injury" or "property damage" occurs during the policy period; and

(3)  Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.**  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur…

5

1545391v.1

18. This grant of insurance coverage is subject to various exclusions in the main body of the policy.

19. Exclusion e. in the main body of the policy states this policy does not apply to:

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract"

The policy defines the term "employee" as follows:

"Employee" includes a "leased worker".  "Employee" does not include a "temporary worker".

Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. Additionally, certain exclusions are contained in endorsements that were attached to the main body of the policy, including an exclusion for Injury to Employees,

Contractors, Volunteers and Other Works (Form L205) and an exclusion for injury arising out of work performed by Contractors and Subcontractors (Form L282).

21. The L205 Endorsement states as follows:

**EXCLUSION - INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion e. Employer's Liability of 2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:

This insurance does not apply to:

**e. Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

(1) "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

(2) Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

(a) Employment by any insured; or

(b) Directly or indirectly performing duties related to the conduct of any insured's business; or

(3) The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.

7

1545391v.1

>This exclusion applies:
>
>(1) Regardless of where the:
>
>(a) Services are performed; or
>
>(b) "Bodily injury" occurs; and
>
>(2) Whether any insured may be liable as an employer or in any other capacity; and
>
>(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
>B. Exclusion a. Any Insured of 2. Exclusions of Section I - Coverage C - Medical Payments is replaced by the following:
>
>We will not pay expenses for "bodily injury":
>
>a. Any Insured
>
>To any insured.
>
>All other terms and conditions of this policy remain unchanged.

22. In addition to the foregoing exclusion, the Nautilus Policy contained an exclusion for losses arising out of the work of Contractors and Subcontractors (Form L282) which states that:

>**EXCLUSION—CONTRACTORS AND SUBCONTRACTORS**
>
>This insurance does not apply to "bodily injury," or "property damage", "personal and advertising" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

**Nautilus' Defense of Its Insured**

23. Upon receiving this lawsuit, Sandro Rivera-Cruz requested that Nautilus provide a defense for himself and Infinity Construction Systems pursuant to Policy NN841347.

24. On June 19, 2019, Nautilus advised Sandro Rivera-Cruz that it had hired the law firm of Ryan, Ryan, Deluca, LLP to defend him and Infinity Construction Systems, LLC.

8

25. Nautilus also advised Rivera-Cruz that it was reserving all rights with respect to whether its policy provided coverage for the Viera claims, citing exclusions in the policy for bodily injuries to employees and independent contractors and for losses arising out of the work of contractors and subcontractors.

26. The Viera lawsuit remains pending in the New Haven Superior Court.

## V.  CLAIMS FOR DECLARATORY RELIEF

### COUNT I
### (Injury to Workers Exclusion)

27. Nautilus, realleges and incorporates by reference the allegations contained in Paragraphs 1-26 of its Complaint as if fully set forth herein.

28. The Injury to Employees, Contractors, Volunteers and Other Workers exclusion Endorsement (Form L205) in the Nautilus Policy provides in pertinent part that the policy does not apply to bodily injury to:

> (1) "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or
>
> (2) Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors
>
> arising out of and in the course of:
>
> (a) Employment by any insured; or
>
> (b) Directly or indirectly performing duties related to the conduct of any insured's business

29. The L205 exclusion endorsement supplanted replaces the employer's liability exclusion (Exclusion e.) contained in the commercial general liability coverage form.

9

30. In contrast to the original Exclusion e., the L205 endorsement broadens the exclusion to apply to "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured.

31. In this case, Nick Roger Martinez was an independent contractor who was supplied by the insured to work on this job.

32. Inasmuch as his injuries arose directly or indirectly performing duties related to the conduct of the insured's business, there is no coverage for these claims under the Nautilus Policy and judgment should enter for Plaintiff.

## COUNT II
### (Contractor and Subcontractor Endorsement Exclusion)

33. Nautilus, realleges and incorporates by reference the allegations contained in Paragraphs 1-26 of its Complaint as if fully set forth herein.

34. The Contractors and Subcontractors Endorsement (Form L282) in the Nautilus Policy states that:

> This insurance does not apply to "bodily injury," or "property damage", "personal and advertising" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

35. In her law suit, Viera alleges at Paragraph 3 that

> At all pertinent times mentioned herein Infinity Construction Systems, Inc. ("Infinity") its agents, apparent agents and/or employees managed, supervised, and controlled construction including but not limited to the erection, inspection, supervision and maintenance of tubular scaffolding and application of stucco on a building located on the aforementioned property at 131 Hollow Tree Ridge Road in Darien.

36. Similarly, she alleges at Paragraph 5 that:

10

> At all pertinent times mentioned herein the defendant Sandro Rivera ("Rivera") supervised the erection, inspection and maintenance of tubular scaffolding, and supervised workers using the scaffolding while applying stucco to a building on the aforementioned property known as 131 Hollow Tree Ridge Road in Darien by workers including the decedent Nick Martinez.

37. Furthermore, she alleges that Infinity Construction Services (Fifth Count, Paragraph 13) and Sandro-River Cruz (Fifth Count, Paragraph 13) were negligent in that:

   a. They failed to ensure that the scaffolding was safely erected;

   b. They failed to properly inspect the scaffolding to ensure it included guiderails to protect workers from falls;

   c. They failed to take reasonable measures to ensure that the scaffolding included guardrails or barriers on open ends and sides to protect workers from full hazards; failed to take reasonable measures to ensure all workers on the premises were using personal fall arrest systems;

   d. They permitted unsafe scaffolding to be used by workers at the property;

   e. They failed to communicate the need for fall arrest systems and safety guardrails to supervisors and workers at the property it controlled;

   f. They failed to take reasonable measures to ensure that the work site and work conditions including the scaffolding and stucco application complied with industry safety standards and/or state and/or federal safety regulations when it knew or should have known that the workers were not using personal fall arrest systems and the scaffolding did not contain the required guardrails; and

   g. They failed to take reasonable measures to ensure the scaffold erection, construction and stucco application on the property and premises were being conducted safely.

38. Because the L282 endorsement applies to these claims, Nautilus has no duty to defend or otherwise afford coverage for them and a judgment should enter relieving if of any continuing participation in the defense of Defendant Sandro River-Cruz and Infinity Construction Services, LLC.

11

**WHEREFORE**, the Plaintiff Nautilus Insurance Company respectfully requests that this Honorable Court declare and adjudicate the rights, duties and responsibilities of the parties under the terms and provisions of Policy No. NN841347 and issue a judicial declaration that this policy does do not provide coverage for claims that Annais Viera, as Administratrix of the Estate of Nick Roger Martinez has brought against Sandro Cruz-Rivera and Infinity Construction Services, LLC  and that Nautilus therefore has neither a duty to defend either Sandro Cruz-Rivera and Infinity Construction Services, LLC,  nor a duty to indemnify them for any settlement or judgment for Viera and for other and further relief as this Honorable Court deems just and proper.

                                      **PLAINTIFF,**
                                      **NAUTILUS INSURANCE COMPANY**

By: */s/ Joseph R. Ciollo*
Joseph R. Ciollo
Federal Bar No. ct29719
**MORRISON MAHONEY LLP**
One Constitution Plaza, 10th Floor
Hartford, CT  06103
Tel: (860) 616-7648
Fax: (860) 541-4879
jciollo@morrisonmahoney.com

Dated:   November 13, 2020